UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANNA L. TRIVETT,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 3:25-CV-62-CCB-SJF

## OPINION AND ORDER

Plaintiff has filed a civil action in this Court seeking review of an ALJ decision denying her application for supplemental security income. (ECF 1). The Court now rules.

### BACKGROUND

Plaintiff Deanna L. Trivett applied for supplemental security income on May 12, 2022, alleging disability beginning on the date of her application. (ECF 7 at 212). Plaintiff's application was denied both initially and after reconsideration. (*Id.* at 132–46, 140–43). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which occurred in December 2023. (*Id.* at 16). After a hearing, the ALJ issued a written decision denying her application on January 12, 2024. (*Id.* at 23). The Social Security Administration Appeals Council denied her request for review on November 18, 2024. (*Id.* at 1). Thereafter, Ms. Trivett filed the instant civil action, requesting that this Court review and remand the ALJ's determination. (ECF 1).

### STANDARD

An applicant for Social Security disability benefits who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. But that review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and

discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the Court that he "considered the important evidence" and allow the Court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

## ANALYSIS

Plaintiff argues that the ALJ's opinion lacked substantial evidence because it utilized unreliable opinions issued by a state agency and failed to build a "logical bridge" between the evidence in the record and the decision.

### A.  ALJ Reliance on State Agency Opinions

In December 2022 and again in May 2023, state agency medical consultants determined that Plaintiff's conditions warranted a disability restriction to light work with limited use of the left hand ("State Agency Opinions"). (ECF 7 at 115, 119–25). The ALJ found that these State Agency Opinions were "largely persuasive" when reaching the disability status determination. (ECF 14 at 6). Plaintiff makes two objections to the ALJ's use of these opinions. First, she argues that the ALJ was wrong to rely on the State Agency Opinions because they did not consider all the evidence in the record at the time they were made and were thus unreliable. Second, she argues that new diagnoses occurring after the State Agency Opinions rendered those opinions "stale" and thus unreliable in determining her disability status at the time of the ALJ's decision.

3

**1. Whether the State Agency Opinions Were Consistent With the Record**

The Seventh Circuit has held that an ALJ may rely on opinions from state agency physicians when they are consistent with the record. *Mary Ann R. v. Saul*, No. 18 C 1368, 2019 WL 4645445, at *6 (N.D. Ill. Sept. 24, 2019) (citing *Flener ex rel. Flener v. Barnhart*, 361 F.3d 442, 448 (7th Cir. 2004)). Plaintiff argues that the ALJ erred in relying on the state opinions, because those opinions "ignored" certain diagnoses that she had received. (ECF 10 at 9). But the reviewing physicians acknowledged Plaintiff's preexisting medical records and symptoms in their analyses. (ECF 7 at 113–14, 123). Plaintiff argues that although the State Agency Opinions may have acknowledged her records in a perfunctory manner, their final determination was so blatantly inconsistent with Plaintiff's records as to show that the reviewing physicians had essentially ignored them. (ECF 10 at 10). But there is a difference between the presence of symptoms and the presence of disability. *See Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005)("Conditions must not be confused with disabilities."). Symptoms and conditions may exist without rising to the level of severity sufficient to cause inability to perform work. *Lomax v. Astrue*, No. 08 C 3540, 2010 WL 337654, at *14 (N.D. Ill. Jan. 29, 2010) ("[D]iagnoses alone mean little in terms of limitations; having an impairment is not the end of the quest for benefits—the impairment must be disabling." (citing *Gentle*, 430 F.3d at 868)). Thus, a finding of limited disability is not de facto inconsistent with the presence of diagnoses and symptoms in the record. *See Peabody Coal Co. v. Vigna*, 22 F.3d 1388, 1393 (7th Cir. 1994). Here, there was evidence in the record to support the conclusion that Plaintiff's conditions and diagnoses did not necessitate extensive

mobility limitations. (ECF 7 at 115–16) (findings that Plaintiff had "unlimited" push/pull, reaching, handling, and feeling manipulation ability, and had "fully recovered" after renal artery stent surgery); (*Id.* at 123) (stating that "I have reviewed all the evidence in file and the initial assessment of 12/5/2022 is affirmed as written").

Thus, the State Agency Opinions' conclusion that Plaintiff was fit for light and limited work suggests that the Opinions took into account both the record's evidence of positive mobility and of conditions that potentially limited Plaintiff's mobility. *See Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). Plaintiff has not shown that the State Agency Opinions were unsupported by or inconsistent with the record. *See Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). Rather, it was appropriate for the ALJ to rely on them, and a remand of the ALJ's decision on this basis is not appropriate. *See McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011).

### 2.  Whether the State Agency Opinions Were Stale

Plaintiff argues that even if the State Agency Opinions were valid at the time they were made, subsequent medical diagnoses rendered them unreliable at the time the ALJ evaluated Plaintiff's claim. (ECF 10 at 6).

The existence of new diagnoses does not by itself render a prior report unreliable. Rather, as the Seventh Circuit has recently emphasized, a prior report is only called into question by new evidence that is "significant" and "reasonably could have changed the reviewing physician's opinion." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066–67 (7th Cir. 2023) (citing *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir.)).

In *Bakke*, the court looked to whether doctors performing the subsequent diagnoses had any specific concerns about functional capacity and whether they recommended significant subsequent intervention. *Id.* at 1067. There, the doctors did not record "a significant impact on [Plaintiff's] functional capacity," when making the new diagnoses, nor did they recommend intervention beyond pain medication, physical therapy, and weight loss. *Id.* The court found that because of this, the new diagnoses did not call the previous report's disability analysis into question. *Id.*

Here, Plaintiff's diagnoses include hyponatremia (low blood sodium level), macrocytosis (abnormally large blood cells), atherosclerosis (buildup in the arteries), hives, insomnia, and anxiety. (ECF 7 at 608–23). But like in *Bakke*, none of the doctors who recorded these conditions noted any concerning level of severity, or that the symptoms or conditions affected her functional capacity in any way. To the contrary, Plaintiff's physical condition was recorded as "normal" and "regular" in every aspect apart from "scattered" hives, which appeared to be alleviated by medication. (ECF 7 at 620–21).

Given the nature of these subsequent diagnoses, it was well within the bounds of the ALJ's discretion to determine that the new diagnoses did not render the State Agency Opinions unreliable. *See Terry v. Astrue,* 580 F.3d 471, 475 (7th Cir. 2009).

## B. The ALJ's Treatment of the Record

Plaintiff next argues that the ALJ ignored or did not draw a "logical bridge" between the decision and the record. (ECF 10 at 11). For example, Plaintiff argues that the ALJ ignored evidence such as insomnia, fatigue, and shortness of breath. (ECF 10 at

6

17). Plaintiff also argues that the ALJ ignored other recorded statements by Plaintiff, such as that she "throws up every single day," and "passes out and falls to the ground twice a week." (*Id.* at 17).

Yet the ALJ opinion did address these conditions, and did have a logical bridge connecting the decision to the record. The ALJ acknowledged and specifically listed Plaintiff's various alleged ailments but discounted most of that evidence as being mere records of subjective statements by Plaintiff which were unsupported by the professional medical analysis in the record. (*Id.* at 21). For example, addressing Plaintiff's assertions of insomnia, the ALJ stated that her physical checkups found no focus issues, and that "the record is absent any objective findings as to abnormal cognition or daytime somnolence." (ECF 14 at 9). And as noted by the ALJ's opinion, even Plaintiff's own subjective assessments were sometimes inconsistent or differed over time.[1] *Compare* ECF 7 at 98 (Plaintiff's statement on September 14, 2023 that she throws up every day at least twice) *with id.* at 42 (Plaintiff's statement on July 17, 2024 that she dry heaves in the morning and has no other dry heaves at any point during the day). While an ALJ is not free to ignore or cherry-pick evidence, she is free to discount the weight of some evidence in light of other evidence. *See Gaylor v. Astrue,* 292 F. App'x 506, 512 (7th Cir. 2008) (citing *Dixon v. Massanari,* 270 F.3d 1171, 1177 (7th Cir. 2001)).

---

[1] "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (ECF 7 at 20).

Moreover, with regard to evidence that is purely based on Plaintiff's own assertions rather than professional medical evaluation, an ALJ is accorded substantial deference in how much weight to ascribe to the evidence. *See Charmaine R. v. Saul*, 2021 WL 83737, at *6 (N.D. Ill. Jan. 11, 2021) ("[A]n ALJ is not required to accept all of a claimant's subjective allegations."); *Jill S. v. O'Malley*, No. 21 CV 2485, 2024 WL 2292876, at *3 (N.D. Ill. May 21, 2024) ("an ALJ is permitted to discount opinions that rely heavily on subjective reports without objective support" (citing *Hinds v. Saul*, 799 Fed. Appx. 396, 400 (7th Cir. 2020)); *Hughes v. Bowen*, 679 F. Supp. 782, 784–85 (N.D. Ill. 1988) ("The ALJ may properly reject subjective complaints that are unsupported by medical evidence.").

There is no indication of an insufficient logical bridge in the ALJ's determination here. In fact, the primary case discussed by Plaintiff as an example of the "logical bridge" principle is revealing: in that case, the ALJ made a limited disability determination when there were 33 diagnostic limitations on Plaintiff's mobility that were evidence of "significant spinal and nerve conditions" and there was almost no evidence to the contrary to rely on, there was no logical bridge supporting the ALJ's conclusions. *McClanahan v. Saul*, No. 1:19-CV-414-HAB, 2020 WL 6144786, at *1-4 (N.D. Ind. Oct. 20, 2020).

Here, Plaintiff provides evidence of several diagnoses, along with several subjective ailment assessments. But, as discussed above, there was other evidence in the record indicating that these symptoms and diagnoses did not cause extensive mobility limitations. Thus, it was within the ALJ's discretion to determine that the severity and

relevance of Plaintiff's conditions and diagnoses was called into question by other evidence and analysis, including Plaintiff's own self-evaluations and the assessments of multiple physicians. (ECF 7 at 115–16, 119–25, 620–21).

Nor did the ALJ err, as Plaintiff argues, in determining that the evidence did not require a finding of off-task time when there were no assessments by any medical experts that indicate Plaintiff had issues with sustained focus. *See Gribben v. Kijakazi*, Case No. 21-1987, 2022 WL 59404, at *2 (7th Cir. Jan. 6, 2022) (finding that the ALJ did not impermissibly ignore a vocational expert's testimony about a limitation that was not supported by the record); *Durham v. Kijakazi*, 53 F.4th 1089, 1096 (7th Cir. 2022) (upholding ALJ's determination of no off-task restrictions where Plaintiff's subjective testimony of dizzy spells was not supported by any medical record).

Plaintiff argues that she is not asking this Court to "re-weigh" the evidence. (ECF 15 at 3).[2] But the ALJ weighed the evidence and explained why a determination of limited disability was proper, reasoning that the decision was based on the lack of objective evidence indicating disability in Plaintiff's medical records. (ECF 7 at 18–22). *See Buechele v. Colvin*, No. 11 C 4348, 2013 WL 1200611, at *16 (N.D. Ill. Mar. 25, 2013) ("The ALJ has the discretion to discount testimony on the basis of evidence in the record"). Plaintiff may be frustrated that certain evidence was not given greater weight.

---

[2] Plaintiff also attempts to reframe these disputes as legal rather than factual, arguing that the ALJ committed an error of law because the decision lacked sufficient explanation. As discussed above, it did not. Plaintiff also notes that it is a legal error if an ALJ's decision contains "serious factual mistakes or omissions." (ECF 15 at 2). But Plaintiff does not allege or show that the ALJ committed a factual mistake or a serious factual omission in reaching the decision. (ECF 15 at 3). A party cannot bypass the deferential standard of review by reframing a factual dispute as a legal one. *See Jawad v. Holder*, 686 F.3d 400, 404 (7th Cir. 2012).

But that is not for this Court to reconsider. *See Edwards v. Sullivan*, 985 F.2d 334, 336–37 (7th Cir. 1993). Remand is not appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**. Plaintiff's request for remand is **DENIED**. (ECF 1).

SO ORDERED on March 24, 2026.

　　　　　　　　　　　　　　/s/ *Cristal C. Brisco*
　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT